UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LEON WEINGRAD, individually and on behalf of all others similarly situated,**<br><br>*Plaintiff*,<br><br>v.<br><br>**PREMIUM MERCHANT FUNDING ONE, LLC,**<br><br>*Defendant*. | Case No. 2:24-cv-06247-JP |

## PREMIUM MERCHANT FUNDING ONE, LLC'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Premium Merchant Funding One, LLC ("PMFO"), by its undersigned counsel, respectfully states as follows for its Answer and Affirmative Defenses to Plaintiff Leon Weingrad's ("Plaintiff" or "Weingrad") Class Action Complaint ("Complaint").

## ANSWER TO CLASS ACTION COMPLAINT

1. In response to Paragraph 1 of the Complaint, the Paragraph contains no allegations against PMFO, and refers to a writing, the contents of which speaks for itself. Accordingly, no response is required. To the extent any response is required, PMFO denies any allegations asserted, or conclusions of law drawn, that are inconsistent with the plain text of the referenced writing and denies any remaining allegations in Paragraph 1.

2. In response to Paragraph 2 of the Complaint, the Paragraph contains no allegations against PMFO, and refers to a writing, the contents of which speaks for itself. Accordingly, no response is required. To the extent any response is required, PMFO denies any allegations

asserted, or conclusions of law drawn, that are inconsistent with the plain text of the referenced writing and denies any remaining allegations in Paragraph 2.

3. In response to Paragraph 3 of the Complaint, PMFO admits only that Plaintiff brings this action alleging violation of the Telephone Consumer Protection Act ( the "TCPA" 47 U.S.C. § 227), but denies that PMFO violated the TCPA and denies that Plaintiff is entitled to any relief whatsoever from PMFO.

### AS TO PARTIES

4. The allegations in Paragraph 4 are conclusions of law to which no response is required. To the extent any response is required, admitted.

5. In response to the allegation in Paragraph 5, PMFO admits only that it is headquartered in New York, New York and that it does business in this District. The remaining allegations are too vague and ambiguous to require any response. To the extent any response is required, PMFO denies the allegation.

### AS TO JURISDICTION AND VENUE

6. The allegations in Paragraph 6 of the Complaint are conclusions of law to which no response is required. To the extent any response is required, PMFO denies any allegation inconsistent with the plain text of the referenced statutes; 28 U.S.C. § 1331 and 47 U.S.C. § 227. PMFO denies any remaining allegations in this paragraph not specifically admitted herein.

7. The allegations in Paragraph 7 of the Complaint are conclusions of law to which no response is required. To the extent any response is required, the allegations are denied.

8. The allegations in Paragraph 8 of the Complaint are conclusions of law to which no response is required. To the extent any response is required, the allegations are denied.

## AS TO "BACKGROUND"

9. The allegations in Paragraph 9 of the Complaint are conclusions of law to which no response is required. To the extent any response is required, PMFO denies any allegations or conclusions of law that are inconsistent with the plain text of the referenced statutes; 47 U.S.C. § 227. PMFO denies any remaining allegations in this paragraph not specifically admitted herein.

10. The allegations in Paragraph 10 of the Complaint are conclusions of law to which no response is required. To the extent any response is required, PMFO denies any allegations or conclusions of law that are inconsistent with the plain text of the referenced statutes; 47 C.F.R. § 64.1200(c)(2). PMFO denies any remaining allegations in this paragraph not specifically admitted herein.

11. The allegations in Paragraph 11 of the Complaint are conclusions of law to which no response is required. To the extent any response is required, PMFO denies any allegations or conclusions of law that are inconsistent with the plain text of the referenced statutes.

12. The allegations in Paragraph 12 of the Complaint are conclusions of law to which no response is required. To the extent any response is required, PMFO denies any allegations or conclusions of law that are inconsistent with the plain text of the referenced statutes; 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2). PMFO denies any remaining allegations in this paragraph not specifically admitted herein.

## AS TO "FACTUAL ALLEGATIONS"

13. The allegations in Paragraph 13 of the Complaint are conclusions of law to which no response is required. To the extent any response is required, PMFO denies any allegations or conclusions of law that are inconsistent with the plain text of the referenced statutes; 47 U.S.C. § 153(39). PMFO denies any remaining allegations in this paragraph not specifically admitted herein.

14. PMFO lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 and, therefore, denies the allegations.

15. The allegations in Paragraph 15 of the Complaint are conclusions of law to which no response is required. To the extent any response is required, PMFO denies any allegations or conclusions of law that are inconsistent with the plain text of the referenced writing. PMFO denies any remaining allegations in this paragraph not specifically admitted herein.

16. PMFO lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 and, therefore, denies the allegations.

17. PMFO lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17 and, therefore, denies the allegations.

18. PMFO lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18 and, therefore, denies the allegations.

19. PMFO lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19 and, therefore, denies the allegations.

20. PMFO lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20 and, therefore, denies the allegations.

21. PMFO lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21 and, therefore, denies the allegations.

22. PMFO lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22 and, therefore, denies the allegations.

23. PMFO lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23 and, therefore, denies the allegations.

24. PMFO lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24 and, therefore, denies the allegations.

25. PMFO lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25, the veracity of the referenced writing, or that the purported writing was sent by, or on behalf of PMFO, and therefore, denies the allegations.

26. PMFO lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 26, the veracity of the referenced writing, or that the purported writing was sent by, or on behalf of PMFO, and therefore, denies the allegations.

27. PMFO lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27, the veracity of the referenced writing, or that the purported writing was sent by, or on behalf of PMFO, and therefore, denies the allegations.

28. PMFO lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28, the veracity of the referenced writing, or that the purported writing was sent by, or on behalf of PMFO, and therefore, denies the allegations.

29. The allegations in Paragraph 29 are conclusions of law to which no response is required, and are too vague and ambiguous to require any response. To the extent any response is required, PMFO denies the allegations.

30. The allegations in Paragraph 30 are conclusions of law to which no response is required, and are too vague and ambiguous to require any response. To the extent any response is required, PMFO denies the allegations.

31. Answering Paragraph 31 of the Complaint, denied.

## AS TO CLASS ALLEGATIONS

32. PMFO repeats and realleges it's responses to paragraphs 1 to 31, and incorporates them by reference herein.

33. Answering Paragraph 33 of the Complaint, PMFO admits only that Plaintiff purports to bring this supposed class action on behalf of himself and all others similarly situated. The remaining allegations are conclusions of law to which no response is required. To the extent a response is required, PMFO denies that any class could be certified in this action, and that this action is appropriate for class treatment.

34. Answering Paragraph 34 of the Complaint, the allegations are conclusions of law to which no response is required. To the extent a response is required, PMFO denies that any class could be certified in this action, and that this action is appropriate for class treatment.

35. Answering Paragraph 35 of the Complaint, the allegations are conclusions of law to which no response is required. To the extent a response is required, PMFO denies that any class could be certified in this action, and that this action is appropriate for class treatment.

36. Answering Paragraph 36 of the Complaint, the allegations are conclusions of law to which no response is required. To the extent a response is required, PMFO denies that any class could be certified in this action, and that this action is appropriate for class treatment.

37. Answering Paragraph 37 of the Complaint, including subparagraphs a, b, c, and d, the allegations are conclusions of law to which no response is required. To the extent a response is required, PMFO denies that any class could be certified in this action, and that this action is appropriate for class treatment.

38. Answering Paragraph 38 of the Complaint, the allegations are conclusions of law to which no response is required. To the extent a response is required, PMFO denies that any class could be certified in this action, and that this action is appropriate for class treatment.

39. Answering Paragraph 39 of the Complaint, including subparagraphs a, b, c, and d, the allegations are conclusions of law to which no response is required. To the extent a response is required, PMFO denies that any class could be certified in this action, and that this action is appropriate for class treatment.

## As to COUNT ONE: TELEPHONE CONSUMER PROTECTION ACT

40.     PMFO repeats and realleges it's responses to paragraphs 1 to 39, and incorporates them by reference herein.

41.     The allegations in Paragraph 41 of the Complaint are conclusions of law to which no response is required. To the extent any response is required, PMFO denies any allegations or conclusions of law that are inconsistent with the plain text of the referenced statutes; 47 C.F.R. 64.1200(c)(2). PMFO denies any remaining allegations in this paragraph not specifically admitted herein.

42.     Answering Paragraph 42 of the Complaint, denied.

43.     Answering Paragraph 43 of the Complaint, denied.

44.     Answering Paragraph 44 of the Complaint, denied.

45.     Answering Paragraph 45 of the Complaint, denied.

## As to PRAYER FOR RELIEF

PMFO denies the allegations in the unnumbered "WHEREFORE" paragraph following Paragraph 45, including each of its subparts. PMFO further denies that Plaintiff or anyone else is entitled to the relief sought in this lawsuit or any relief whatsoever from PMFO. PMFO denies any remaining allegations and any allegations not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

1. Plaintiff fails to state a claim against PMFO upon which relief may be granted.

2. Plaintiff's claims may be barred in whole or in part by the applicable statutes of limitations and/or the doctrines of estoppel, waiver and laches.

3. Plaintiff's claims may be barred in whole or in part because Plaintiff consented to any conduct alleged in the Complaint.

4. Although PMFO denies any liability in this matter, it contends that any alleged acts or omissions giving rise to Plaintiff's claims are the result of innocent mistake and/or bona fide error despite reasonable procedures implemented by PMFO. PMFO acted in good faith and in accordance with reasonable commercial standards, thus precluding any recovery by Plaintiff against PMFO.

5. To the extent that Plaintiff may have or will suffer any damages as alleged in the Complaint, which PMFO continues to deny, such damages have been and will be proximately caused, in whole or in part, by the acts or omissions of persons or entities other than PMFO, over whom PMFO had no control, and for whose conduct PMFO is not responsible, which bars or diminishes any recovery by Plaintiff against PMFO.

6. Although PMFO denies any liability or wrongdoing alleged in the Complaint, Plaintiff's Telephone Consumer Protection Act claim may also be barred because Plaintiff gave prior express consent to PMFO to contact Plaintiff on Plaintiff's cellular phone.

7. To the extent that Plaintiff contends that Plaintiff revoked any previously granted consent to call Plaintiff, such revocation was ineffective under equitable principles applicable to consent and revocation.

8. PMFO specifically denies acting with any willfulness, oppression, fraud, or malice towards Plaintiff or others.

9. Plaintiff's claims may be barred in whole or in part because the Plaintiff has suffered no actual injury and therefore has no standing to bring a statutory claim. *See Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015) (granting certiorari in the question of whether Congress may confer Article III standing upon a plaintiff who suffers no actual harm and, therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute.)

10. Plaintiff failed to take proper and reasonable steps to avoid, minimize, or mitigate any alleged damages and, to the extent of such failure, the damages allegedly incurred by Plaintiff, if any, should be reduced accordingly or eliminated entirely.

11. PMFO expressly reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

**WHEREFORE**, Premium Merchant Funding One, LLC respectfully requests the dismissal of the Class Action Complaint with prejudice and awarding costs of suit, including attorneys' fees and costs, and all other relief that this Court may deem just and equitable.

Respectfully submitted this 13th day of January, 2025.

    HOLLAND AND KNIGHT, LLP

    */s/ Jonathan Marmo*
    Jonathan Marmo (NYS 4239323)
    1650 Market Street, Suite 3300
    Philadelphia, Pennsylvania 19103
    Phone 215.252.9568
    Fax 215.867.6070
    jonathan.marmo@hklaw.com
    *Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I, Jonathan Marmo, an attorney, hereby certify that on January 13, 2025, I caused a true and correct copy of Defendant's Answer to Complaint with Affirmative Defenses to be served on counsel of record for all parties via ECF.

*/s/ Jonathan Marmo*
Jonathan Marmo
