IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LEON WEINGRAD,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**PREMIUM MERCHANT FUNDING ONE, LLC**<br><br>*Defendant.* | Case No. 2:24-cv-06247-JP<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## PARTIES' 26(f) REPORT

In accordance with Federal Rule of Civil Procedure 26(f) and this Court's Order Scheduling Hearing, counsel for the parties conferred and submit the following report of their meeting for the court's consideration:

### Basic Information:

Andrew Perrong of Perrong Law LLC, Trial Counsel, attended for the Plaintiff and will participate at the Rule 16 Conference. Jonathan Marmo of Holland & Knight, Trial Counsel, attended for the Defendant and will participate at the Rule 16 Conference. The Conference was conducted telephonically on January 27, 2025. Counsel attending the conference are familiar with this Court's Internal Operating Procedures and paid particular attention to Section III, which concerns Pretrial Procedure.

### Discussion of Claims, Defenses, Relevant Issues, and Motions:

This case is proceeding under federal question jurisdiction. The Parties do not contest jurisdiction.

Plaintiff's Statement of the Case: Plaintiff alleges that Defendant made telemarketing calls to numbers on the National Do Not Call Registry, including his own, in violation of the of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), including his own. Due to the *en masse* nature of the calling, the Plaintiff has filed this matter as a putative class action on behalf of the following class of individuals:

> **National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing text message or call from or on behalf of Defendant encouraging the purchase of PMF's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of

      filing this Complaint to trial.

As explained in the Complaint, the Plaintiff received at least 30 calls and text messages that were directly from Premium Merchant Funding. As further support of his contentions, the Plaintiff has alleged and provided representative screenshots of some of the text messages in the Complaint.

Defendant's Statement of the Case: Defendant contends that, to the extent Plaintiff received any telemarketing calls, those calls were placed by third-parties that are not agents of Defendant and acted without Defendant's knowledge or consent. Defendants further contend that Plaintiff is not an appropriate class representative, and that the putative class is not appropriate for certification.

The Parties jointly propose April 16, 2025, as a date to amend pleadings and/or add parties. The Plaintiff is seeking statutory damages between $500 and $1,500 per violation under the TCPA on behalf of himself and the putative class. The Parties identify the following legal issues underlying the claims and defenses asserted in this action:

- Whether this case can be certified as a class action;
- Did PMF make telemarketing calls to numbers listed on the National Do Not Call Registry?
- Did PMF have consent to make such calls?
- Is there evidence that PMF ever violated the Telephone Consumer Protection Act?

The Plaintiff does not intend to file any dispositive motions at this juncture. The Plaintiff will file a Motion for Class Certification shortly after the completion of expert discovery. Defendant is not contemplating a dispositive motion at this time.

**Discovery:**

Discovery has commenced and is in the early stages. The parties will have exchanged initial disclosures before the Rule 16 Conference. The Parties jointly propose 150 days for the completion of initial discovery from the date of the Rule 16 Conference, followed by an additional 60 days for expert discovery, focused mainly on analysis of the calling data, including depositions of the Plaintiff's expert and any counter-expert. The additional discovery time will be needed as this is a putative class action, and accordingly, there is a need for calling records to be collected, including potentially from telephone companies, and analyzed, including expert discovery. The Parties do not propose conducting discovery in phases. The parties will cooperatively work on discovery addressing claims of privilege or trial preparation material, any proposed limitations, and the seeking of confidentiality or protective orders.

Plaintiff's Statement on Discovery Requirements: The Plaintiff will initially seek discovery on the following subjects: (1) Defendant's calling data regarding Plaintiff and the proposed class; (2) Defendant's policies and procedures regarding compliance with the TCPA; (3) Defendant's negligence or willfulness regarding any TCPA violations. The ESI that the Plaintiff will request

will consist mainly of the Defendant's telephone records and any emails or other correspondences regarding the TCPA. In particular, the calling data ESI will be turned over to the Plaintiff's expert for analysis as to any other numbers that are on the Do Not Call Registry.

<u>Defendant's Statement on Discovery Requirements:</u> The Defendant will initially seek discovery on the following subjects: (1) Plaintiff's telephone records for the subject time period, including the names, telephone numbers, and dates and times of any alleged violative calls; (2) Plaintiff's history of enrollment with the Federal Do Not Call List; (3) any call blocker technology utilized by Plaintiff during the subject time period; (4) the names, contact information, subject telephone number of all putative class members identified by Plaintiff, or Plaintiff's counsel, to date.

### Settlement:

The parties do not consent to proceed in this matter before a magistrate judge. The parties would prefer private mediation, as opposed to a settlement conference before a magistrate judge. The Plaintiff has not tendered a settlement offer at this time because Plaintiff desires to undertake discovery to ascertain the size and scope of the class and the calling conduct at issue. The Plaintiff will tender a settlement demand once preliminary discovery into these issues have been conducted.

### Trial Date:

The parties agree that trial of this matter will take approximately 5 days if a class is certified and 2-3 days if no class is certified. This case should be ready for trial near Thanksgiving time of 2025.

### Other Matters:

The parties jointly propose August 5, 2025 as a deadline for filing a Motion for Class Certification, with oppositions thereto due 30 days thereafter.

   RESPECTFULLY SUBMITTED AND DATED this February 1, 2025

               */s/ Andrew Roman Perrong*
               Andrew Roman Perrong, Esq.
               PA Bar #333687
               Perrong Law LLC
               2657 Mount Carmel Avenue
               Glenside, Pennsylvania 19038
               Phone: 215-225-5529 (CALL-LAW)
               Facsimile: 888-329-0305
               a@perronglaw.com

>*/s/ Jonathan Marmo*
>Jonathan Marmo, Esq.
>PA Bar # 312669
>Holland & Knight LLP
>1650 Market Street, Suite 3300
>Philadelphia, Pennsylvania 19103
>Phone 215.252.9568
>Fax 215.867.6070
>jonathan.marmo@hklaw.com
>
>*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2025, I filed the foregoing document using the courts CM/ECF system, which will automatically send notification of filing to all counsel of record.

>By: */s/ Andrew Roman Perrong*
>Andrew Roman Perrong