UNITED STATES DISTRICT COURT
Eastern District of Pennsylvania
U.S. Court House
Independence Mall West
601 Market Street
Philadelphia, PA 19106-1797
215-597-1178
chambers_of_judge_john_r_padova@paed.uscourts.gov

(Revised February 2024)

NOTICE TO COUNSEL:

This notice sets forth my policy on discovery, my guidelines for communication with the Court and my Chambers staff, and a brief overview of the manner in which this case will generally progress in my Court. In addition to this Notice, I expect counsel to become familiar with my "Policies and Procedures," which can be found under the "Instructions" tab of my profile on the Court's home page. Before calling Chambers with procedural questions, please consult this publication.

## I.    Communication with Chambers

I strongly discourage communication with law clerks. Telephone inquiries should be directed to my Courtroom Deputy.

Please do not write letters directly to the Court, or send or designate copies of correspondence among and between counsel to the Court, except:

(1) When letters of transmittal accompany documents required to be sent to, or filed with, the Court or another official office in the Courthouse;

(2) When counsel are specifically requested by the Court to communicate some information to the Court by letter;

(3) When there is a request for a continuance of the Preliminary Pretrial Conference (see "Continuances and Extensions" section of my "Policies and Procedures");

(4) When there is an uncontested request for a continuance of the Rule 16 Scheduling Order deadlines that does not affect the case's trial date (see "Continuances and Extensions" section of my "Policies and Procedures");

(5) When the participation of counsel in the case is expected to be affected by a personal matter, including medical problems and vacation plans concerning counsel, a party, a witness, or counsel's immediate family; or

(6) To advise or confirm to the Court that a case has been settled, dismissed, or otherwise finally disposed.

All other written communications with the Court should be by the filing of pleadings, motions,

applications, briefs, or legal memoranda.  **Do not write letters to the Court that are properly the subject of these filings.**

When a written communication concerning a case cannot timely address a problem, counsel may initiate necessary telephone communications with my Chambers.  Issues appropriately addressed by telephone contact include:

(1) Scheduling of conferences or proceedings, including pretrial and trial conferences; attendance of witnesses;

(2) Exhibit handling or arrangements for video replay;

(3) Arrangements for telephone conferences regarding discovery disputes; and

(4) Requests for absolutely necessary extensions of time to file any response, reply, brief, memorandum of law, or the like.

All such inquiries should be directed to my Courtroom Deputy.

**II.    Discovery**

Discovery rules are not intended to create strategic advantages for any party and should never be used to play games.  The Federal Rules of Civil Procedure call for voluntary, cooperative discovery in a **timely** manner.  Federal Rule of Civil Procedure 26(a) requires disclosure of certain types of information.  Compliance with the Rules is mandatory.  I expect that counsel will act in accordance with both the **letter** and the **spirit** of the Rules.  Discovery disputes should be presented to the Court in the manner provided for in my "Policies and Procedures."

**III.   Pretrial Procedure**

My Deputy typically sends counsel notification of the scheduling of a pretrial conference within 30 days of all defendants filing answers to the complaint.  At least three business days prior to the pretrial conference, counsel must submit a completed Scheduling Information Report.  This form will be attached to the conference notice.  Counsel must also timely submit the discovery plan adopted at the Rule 26(f) conference in accordance with the Federal Rules of Civil Procedure no later than three business days prior to the scheduled pretrial conference.  The Court's processes and procedures rely on counsel's good faith compliance in all respects with Rule 26(f).  The Rule 26(f) meeting shall take place as soon as possible and, in any event, at least fourteen days before the scheduling conference.  Such compliance is of the highest degree mandatory.  **Parties who do not comply will have no voice at the scheduling conference and may be subject to additional sanctions.**

Topics which are frequently addressed in an initial pretrial conference include those listed in Local Rule of Civil Procedure 16.1, Federal Rule of Civil Procedure 16(b) and (c) including a plan for preservation of electronically stored information, and the progress of self-executing disclosure under Federal Rule of Civil Procedure 26(a). Counsel taking part in pre-trial conferences should be prepared to speak on the subjects to be covered, including settlement, and have authority from their clients to do so. A Rule 16 Scheduling Order is issued at the conclusion of the conference.  Judge

Padova uses a standard form of scheduling order for standard track cases, a copy of which can be found under the "Instructions" tab of Judge Padova's profile on the Court's home page.

Counsel must be prepared to present argument at the conference on any pending motions.

With the exception of a final pretrial conference (which usually takes place sometime during the month before trial is scheduled), no other conferences are normally scheduled unless requested by counsel. Settlement conferences are encouraged, provided counsel believe that they will be useful.

## IV. Motions Practice

I consider a motion "ripe" when a response has been filed. Reply and surreply briefs may only be filed with leave of the Court. A motion for leave to file a reply or surreply brief must be filed within fourteen days of the previous filing, and counsel shall attach as an exhibit the proposed reply or surreply brief.

## V. Rule 56 Motions

Except in matters in which a pro se prisoner is a party, the parties shall meet and confer about the material facts no later than fourteen days prior to the filing of any summary judgment motion pursuant to Federal Rule of Civil Procedure 56. The moving party's initial filing must include a Concise Statement of Stipulated Material Facts, which sets forth (in numbered paragraphs) material facts and important background facts that the parties agree are not in dispute for purposes of Summary Judgment. When possible, the parties should include citations to the summary judgment record for each stipulated fact.

To the extent that any party seeks to rely on facts not included in the Concise Statement of Stipulated Facts, it shall set forth those facts in a Concise Statement of Additional Facts. Like the Statement of Stipulated Facts, the Statement of Additional Facts shall be organized in numbered paragraphs. The party shall provide citations to the precise pages of the summary judgment record that support each factual assertion in the Statement of Additional Facts.

One paper courtesy copy of all Rule 56 materials shall be submitted to the Court (Chambers). **Courtesy copies shall be stapled or neatly bound, with dividers between the exhibits.**

The pendency of a Rule 56 Motion does not stay the deadlines contained in the Court's Scheduling Order. Counsel must apply by letter or by motion if they wish an extension to the Scheduling Order deadlines.

Your cooperation is **expected** and **appreciated**.

HONORABLE JOHN R. PADOVA