# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LEON WEINGRAD,** individually and on behalf of all others similarly situated, *Plaintiff*, v. **PREMIUM MERCHANT FUNDING ONE, LLC** *Defendant*. | Case No. 2:24-cv-06247-JP **CLASS ACTION** **JURY TRIAL DEMANDED** |

## JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff Leon Weingrad and Defendant Premium Merchant Funding One, LLC (collectively the "Parties"), by and through their attorneys, respectfully request that the Court enter the Agreed Protective Order submitted by the Parties. In support of this Motion, the Parties state as follows:

1. Rule 26(c)(1) of the Federal Rules of Civil Procedure allows parties to request a protective order in order to protect a party or any person from annoyance, embarrassment, oppression, or undue burden or expense. Subsection (G) provides that the Court may enter a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G).

2. Plaintiff alleges that Defendant made or caused to be made telemarketing calls to Plaintiff's telephone number in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"). Discovery in this action will encompass the production of information that is confidential, commercially sensitive and/or proprietary in nature. Specifically, the Parties

anticipate that document production will encompass documents and information including personally identifying information, such as Plaintiff's telephone number, in addition to commercially sensitive and proprietary business information. Moreover, none of the parties to the present action are public officials or public entities, the matter does not involve issues important to the public, and the parties do not anticipate the documents covered by the protective order being filed with the Court and the documents will not, therefore, be public records. Thus, the Parties have demonstrated good cause for entry of a protective order. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994); *In re Avandia Mktg., Sales Practices & Prod. Liab. Litg.*, 924 F.3d 662 (3d Cir. 2019).

3.  In the proposed Agreed Protective Order, the Parties define "Confidential Information" as any material produced in connection with this action that a Party or Consenting Third Party believes in good faith "contains or reflects confidential technical, commercial, competitive, financial, personal or business information including, but not limited to, social security numbers, credit information, personnel records or other personal or financial information of the Producing Person or of third parties; client, customer or shareholder account information; proprietary commercial or business information including, but not limited to, client, customer or shareholder names and client, customer or shareholder lists, proprietary business procedures or policies, financial records and statements, trade secret information, other non-public research or development information, or similar business information; or any other information subject to a legally protected right to privacy."

4.  Notwithstanding the Parties' designation of certain materials as Confidential Information, the proposed Agreed Protective Order reserves the Parties' rights to object to any designations of documents or other information as confidential, and to assert any or all other

evidentiary objections.  The Agreed Protective Order also reserves the right of any non-party to challenge the designation of documents or other information as confidential.

WHEREFORE, the Parties respectfully request the Court enter the proposed Agreed Protective Order and grant any further relief this Court deems just and necessary.

RESPECTFULLY SUBMITTED AND DATED this April 2, 2025

> */s/ Andrew Roman Perrong*
> Andrew Roman Perrong, Esq.
> PA Bar #333687
> Perrong Law LLC
> 2657 Mount Carmel Avenue
> Glenside, Pennsylvania 19038
> Phone: 215-225-5529 (CALL-LAW)
> Facsimile: 888-329-0305
> a@perronglaw.com
>
> */s/ Jonathan Marmo*
> Jonathan Marmo, Esq.
> PA Bar # 312669
> Holland & Knight LLP
> 1650 Market Street, Suite 3300
> Philadelphia, Pennsylvania 19103
> Phone 215.252.9568
> Fax 215.867.6070
> jonathan.marmo@hklaw.com
>
> *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2025, I filed the foregoing document using the courts CM/ECF system, which will automatically send notification of filing to all counsel of record.

> By: */s/ Andrew Roman Perrong*
> Andrew Roman Perrong